**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JESSE A. JORDAN, | ) | CASE NO.: 5:25-cv-00964 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | **MEMORANDUM OF OPINION AND** |
| SECURITY, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on objections filed by Defendant, the Commissioner of Social Security, to the Report and Recommendation ("R&R") of the Magistrate Judge. Doc. 13. The Magistrate Judge issued an R&R in this matter recommending that the Court vacate the Commissioner's final decision denying Plaintiff's application for disability insurance benefits and remand for further consideration of the residual functional capacity issue. Doc. 12. Defendant objected to the R&R (Doc. 13) and the Plaintiff responded (Doc. 14). The Court now resolves the objections.

District courts conduct *de novo* review of those portions of a magistrate judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner*

1

*v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

At issue is if, when determining the RFC, the ALJ properly considered and analyzed whether Plaintiff would require an accommodation by way of a specialized bariatric chair. The R&R explains that Plaintiff submitted a post-hearing memorandum to the ALJ including the opinion of Vocational Expert Kimball Heartsill, who opined on the issue of seating given Plaintiff's height and weight:

> He noted that OSHA recommends employers having seating with capacity of up to 275 pounds. (*Id.*). He further noted that office chairs with capacity of 300-400 pounds, consistent with Jordan's listed weight, typically cost $750 to $1200 or more per chair, considerably more than the typical range of $250 to $500 for a standard office chair. (*Id.*). VE Heartsill therefore opined that the need for the chair with a greater capacity represented an accommodation, and he believed that employers were less likely to hire anyone requiring such an accommodation for an unskilled sedentary position. (*Id.*).

Doc. 12, p. 9, citing Tr. 268.. The R&R notes that "[t]he only reason the ALJ offers for not addressing VE Heartsill's opinion, or the necessity of a specialized chair to support someone of Jordan's size, is the false premise that the record does not provide VE Heartsill's qualifications." Doc. 12, p. 23. Defendant acknowledges that the ALJ was incorrect and that the record included VE Heartsill's qualifications. Id; Doc. 13, p. 3. Accordingly, the R&R concludes that the "[t]he ALJ has failed here to build the logical and accurate bridge to help instruct the claimant and reviewing courts how he evaluated VE Heartsill's opinion, and, specifically, how he determined that there was no need for a requirement for a bariatric chair." Doc. 12, p. 22.

While Defendant concedes that the ALJ erred when evaluating VE Heartsill's opinion, it asserts that this error did not affect the outcome of the decision, and therefore the ALJ's decision

2

was supported by substantial evidence and should be affirmed. Doc. 13, p. 3. Defendant contends that the R&R "overlooks" case law in this Court establishing that even if Plaintiff showed that his weight exceeded that of a standard workplace chair, Plaintiff would need *more* to meet his burden, such as opinion evidence, which Plaintiff failed to do. Doc. 13, p. 3, citing *Innocent v. Saul,* 2020 WL 1031531, at *11 (N.D. Ohio Mar. 3, 2020).[1]

Plaintiff asserts that such evidence exists in this record and is therefore distinguishable from *Innocent*. Doc. 14, p. 2, Doc.15, p. 1.  Specifically, the state agency opinions note that Plaintiff's obesity was severe and referenced it when assigning limitations. The ALJ adopted those opinions by limiting Plaintiff to the sedentary exertional level. Thus, HOW Plaintiff would be sitting is at issue. VE Heartsill opined on the weight limit of standard work chairs and that Plaintiff would require specialized seating due to his weight. The ALJ incorrectly dismissed VE Heartsill's opinion. The Court agrees with the R&R that the ALJ failed to build an accurate and logical bridge between the record evidence and the result.

For these reasons, Plaintiff's objections are OVERRULED.   This R&R is ADOPTED IN WHOLE.   The decision of the Commissioner is hereby VACATED and the cause REMANDED for further consideration as set forth in the R&R.

**IT IS SO ORDERED.**

Dated: <u>May 15, 2026</u>                                      <u>  /s/ John R. Adams             </u>
                                                                    JUDGE JOHN R. ADAMS
                                                                    UNITED STATES DISTRICT JUDGE

---

[1]  Contrary to Defendant's contention that the R&R ignores this argument and case law, the R&R specifically cites to the parties' arguments on this issue. Doc. 12, p. 20-21.